**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENE ALEXANDER CARMONA SALAZAR,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 14-72009<br><br>Agency No. A087-105-106<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:  REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

  Rene Alexander Carmona Salazar, a native and citizen of Colombia,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's ("IJ") order of removal. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

continuance and review de novo questions of law. *Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Salazar's request for a fourth continuance, where Salazar requested a continuance to pursue relief on a speculative basis. *See Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1247 (9th Cir. 2008). The agency did not violate due process in denying the continuance, where Salazar failed to show prejudice. *See Lata v. I.N.S.,* 204 F.3d 1241, 1246 (9th Cir. 2000).

We lack jurisdiction to consider Salazar's unexhausted contention that the IJ did not state the reasons for denying the continuance, *Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010), and we do not consider extra-record evidence, *see Fisher v. I.N.S.,* 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (our review is limited to the administrative record).

In light of our disposition, we do not reach Salazar's contention that he is eligible for cancellation of removal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**